**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**ROBERT HOLMES,**                                            **PLAINTIFF,**

**VS.**                                            **CIVIL ACTION NO. 2:05CV168-P-B**

**CITIFINANCIAL MORTGAGE COMPANY,
INC. and AMERICAN SECURITY INSURANCE
COMPANY,**                                            **DEFENDANTS.**

### MEMORANDUM OPINION

This matter comes before the court upon Plaintiff's Motion to Remand [8-1]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

The plaintiff filed his Amended Complaint on April 1, 2005 in the County Court of Coahoma County against Citifinancial Mortgage Company, Inc. and American Security Insurance Company. The plaintiff seeks damages for the defendants' negligent failure to maintain his fire insurance policy on his dwelling and negligent failure to inform him of the cancellation of that policy which allegedly caused him to suffer damages after a house fire in April 2004.

The *ad damnum* clause in the Amended Complaint states that "Plaintiff Robert Holmes demands damages of and from the Defendants in the full amount of $74,500." On August 26, 2005, the defendants removed this case to federal court arguing the presence of diversity jurisdiction given that there is complete diversity of citizenship between the plaintiff and the defendants. The defendants also argue that despite the *ad damnum* clause, the amount in controversy is more than the jurisdictional amount for diversity jurisdiction – *i.e.*, more than $75,000.

In his motion to remand, the plaintiff insists that he seeks no more than $74,500. He points

not only to the plain language of his *ad damnum* clause but also to two other factors demonstrating the lack of the requisite jurisdictional amount. First, he notes that his counsel has offered to settle the case for $74,000 on one occasion and for $58,000 on another. Second, he points to his responses to interrogatories and requests for admissions. In response to Interrogatory 10, the plaintiff stated "Total damages at this time are believed to be less than $74,500." In response to Request for Admission No. 1, "Please admit that Plaintiff's total claim against ASIC in this action is less than $75,000," the plaintiff responded that he "admits that the total claim against ASIC in this action is presently less than $75,000." In response to Request for Admission No. 7, "Please admit that Plaintiff is not seeking to recover from ASIC an amount greater than $75,000," the plaintiff responded "Admitted."

In their responses to the plaintiff's motion to remand, the defendants maintain that despite the *ad damnum* clause, the amount in controversy exceeds $75,000. The defendants point out that despite the answers to discovery discussed above, the plaintiff objected to and refused to admit or deny every request intended to establish to a legal certainty that the federal jurisdictional threshold had not been met – *e.g.*, admissions that the plaintiff would not accept any amount less than $75,000 or that the plaintiff consciously elected to seek damages less than the federal jurisdictional amount.

The defendants contend that the plaintiff's response to ASIC's Interrogatory No. 10 regarding his damages evinces the probability that he is seeking in excess of $75,000. Interrogatory No. 10 asks the plaintiff to "Please describe in detail each element of damage which you allege you incurred and/or suffered with regard to any claim made in the complaint of this action, including in your answer the contended amount of each, a detailed calculation or determination of each, and all persons who have knowledge thereof." In response, the plaintiff answered:

(1) Damages to the plaintiff's home due to fire. Plaintiff estimates the damage to be $38,713.87;
(2) Rent at $350 per month from April 2004;
(3) Inconvenience of being out of his house, plus mental and physical pain and suffering in an amount to be determined by the jury in this case; and
(5) Other as yet undiscovered damages.
Total damages at this time are believed to be less than $75,000.

The defendants urge that the plaintiff's claims are of the type that are typically worth more than $75,000 given that Mississippi juries routinely award damages for "mental and physical pain and suffering" in amounts in excess of $75,000. Furthermore, the defendants argue, the plaintiff refused to disclaim punitive damages and states in the above-cited response to Interrogatory No. 10 that he intends to seek "[o]ther as yet undiscovered damages."

The defendants point out that the $74,500 limitation in the plaintiff's *ad damnum* clause is unbinding on him since Mississippi law gives him the right to amend his complaint to seek more. The defendants cite to the Fifth Circuit opinion in *De Aguilar v. Boeing Company*, 47 F.3d 1404, 1412 (5th Cir. 1995), *certiorari denied*, 516 U.S. 865, stating that plaintiffs "who want to prevent removal must file a binding stipulation or affidavit with their complaints." They note that neither the plaintiff nor his counsel filed a stipulation or affidavit with either Complaint specifically disclaiming any damage award of more than $75,000.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1332, the amount in controversy requirement for federal diversity jurisdiction is met if the amount "exceeds the sum or value of $75,000, exclusive of interest and costs." Under 28 U.S.C. § 1441(a), a defendant may remove any civil suit based on diversity jurisdiction if there is complete diversity among the parties and the amount in controversy exceeds $75,000.

It is undisputed in this instant case that there is complete diversity. The dispute lies in whether the amount in controversy exceeds $75,000. It is well-settled that if a plaintiff "does not desire to try his case in federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 294 (1938). However, the Fifth Circuit has held that "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar*, 47 F.3d at 1412. In *De Aguilar, supra*, the Fifth Circuit wrote:

> "[W]e hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount [by a preponderance of the evidence], the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.
>
> ***
>
> So, once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint.

*Id*. at 1411-12.

The Court also advised that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *Id*. (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)).

This court concludes that the defendants have demonstrated by a preponderance of the evidence, *i.e.*, that it is more likely than not, that the plaintiff's claims are worth more than $75,000. First and foremost, the plaintiff did not file a binding stipulation or affidavit with his complaint

stating that he would not amend his complaint in the future to seek more than $75,000 or that he would not accept more than $75,000 from any jury award. The court notes that such a binding stipulation or affidavit must be made by the plaintiff himself as opposed to his counsel since the plaintiff could hire different counsel and later seek more than $75,000. Second, the plaintiff's responses to the aforementioned interrogatory and requests for admissions show that it is possible he will seek more than $75,000. In response to Interrogatory 10, the plaintiffs states that "[t]otal damages **at this time** are believed to be less than $75,000," and that he seeks "[o]ther as yet undiscovered damages." (emphasis added). Both of these answers clearly allow for the possibility of seeking more than $75,000. Furthermore, the plaintiff denied to admit the requests for admissions that he would not amend his complaint later to seek more than $75,000 or that he would not accept anything more than $75,000 from a jury award. Third, it is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000.

Essentially, defendants have a right to federal jurisdiction in the event there is complete diversity of the parties and the amount in controversy is more than $75,000. Here, there is complete diversity and the defendants have shown that it is more likely than not that the amount in controversy exceeds $75,000 despite the plaintiff's statement in his Amended Complaint that he was seeking no more than $74,500. Given that Mississippi law allows amendment of a complaint, without a binding stipulation that a plaintiff will not accept more than $75,000 in damages, there is nothing to prevent plaintiffs (with cases worth well over $75,000) from routinely avoiding federal court and depriving defendants their right to federal diversity jurisdiction by simply stating less than $75,000 in the complaint and then amending the complaint later after it is too late for the defendants to remove to

federal court. This appears to be the underlying reasoning in *De Aguilar* and is indeed the reasoning

leading this court to conclude that the plaintiff's motion to remand should be denied.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Plaintiff's Motion to Remand

[8-1] should be denied. Accordingly, an Order shall issue forthwith,

**THIS DAY** of June 26, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE